**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BING QUAN XU, | No. 11-71626 |
| Petitioner, | Agency No. A098-466-734 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2014
Pasadena, California

Before: NOONAN, WARDLAW, and FISHER, Circuit Judges.

Bing Quan Xu, a native and citizen of the People's Republic of China,

appeals the decision of the Board of Immigration Appeals ("BIA") denying his

application for asylum based on the immigration judge's ("IJ") adverse credibility

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

determination. We have jurisdiction under 8 U.S.C. § 1252. We grant Xu's

petition and remand it to the BIA for review.

Because Xu filed his application after May 11, 2005, Xu's petition is

governed by the credibility and corroboration standards set forth in the REAL ID

Act of 2005. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). The

BIA's factual findings are reviewed for substantial evidence, while questions of

law are reviewed de novo. *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir.

2005).

**1.** Our review "is limited to the BIA's decision, except to the extent the IJ's

opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir.

2006) (internal quotation marks omitted). The BIA reviewed the IJ's adverse

credibility determination for clear error and expressly adopted four of the findings

the IJ articulated in support of that determination. They include two purported

inconsistencies between Xu's asylum application and hearing testimony as well as the implausibility of two aspects of Xu's account.[1]

Considering the hearing transcript and Xu's asylum application together, we conclude that the BIA's findings of inconsistency are not supported by substantial evidence. Xu testified consistently about both how many times he called his wife, and who he stayed with during his trip to China. To the extent that Xu's testimony appears confusing, it appears that language and translation problems were to blame. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir. 2002) ("[W]e have long recognized that difficulties in interpretation may result in seeming inconsistencies, especially in cases . . . where there is a language barrier."). Furthermore, the purported inconsistencies concerning how many times Xu called his wife and who he stayed with in China are trivial and "have no bearing on [Xu's] veracity." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011).

---

[1] Even if we were not limited to the BIA's decision and reviewed the IJ's finding that Xu failed to mention in his asylum application that he was knocked unconscious, the adverse credibility determination would still not be supported by substantial evidence. Xu stated in his asylum application that he "was hit on the head very hard," and the application's "mere lack of detail" about the extent of his injury "cannot serve as a basis for an adverse credibility finding." *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Furthermore, the IJ's disbelief that Xu could be knocked unconscious for 20 to 30 minutes and not receive medical treatment was impermissibly "based on speculation and conjecture." *Chawla v. Holder*, 599 F.3d 998, 1006 (9th Cir. 2010).

The BIA also identified as implausible the high regularity of the Chinese authorities' visits to Xu's home and Xu's ability to return to China for 17 days without incident. First, the BIA ignored parts of Xu's testimony that clarified that the police had visited his home with varying degrees of frequency, including "sometimes no time[s] a week," and found Xu's account implausible without pointing to any evidence in the record that contradicted his testimony, *see Shrestha*, 590 F.3d at 1044. Second, there is no indication in the record that the local police officially charged or convicted Xu of any crimes that would render him "an individual of very high interest to Chinese authorities" and prevent his entry or exit at the airport.

Under the totality of the circumstances, the BIA's adverse credibility determination unreasonably relied upon details that are minor in comparison to the consistent, credible testimony Xu gave when describing the protest and his arrest, interrogation, and detention. As none of the BIA's proffered reasons constitutes substantial evidence supporting the adverse credibility determination, Xu's testimony shall be deemed credible on remand. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1094-95 (9th Cir. 2009).

**2.** Substantial evidence also does not support the BIA's finding that Xu has failed to demonstrate that the expression of his political opinion formed one central

-4-

reason why the police harmed him, or that he failed to establish a nexus between the harm he suffered and his political opinion. To the contrary, the record compels the conclusion that the police imputed pro-labor and anti-government political opinions to Xu, and that he was harmed because of those imputed beliefs. *See Hu v. Holder*, 652 F.3d 1011, 1016-20 (9th Cir. 2011). The police arrested Xu outside the municipal government building after identifying him as "the head" of the workers' protest. Xu was interrogated and accused of fighting against the Chinese government and inciting workers to protest. As a consequence, he was beaten and detained for two weeks. After his release, the police continued to warn Xu at his weekly reporting sessions to "follow the government's regulation[s]," and "not to do anything against the government" or to "organize the workers."

On these facts, as in *Hu*, we conclude that Xu has established the nexus requirement and remand for the BIA to determine whether Xu's past mistreatment rises to the level of persecution such that his application for asylum may be granted. *See Hu*, 652 F.3d at 1020.

**Petition for review GRANTED and REMANDED.**